# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

ARMANDO GONZALEZ, )
)
)
)
Plaintiff, )
) Civ. No. 10-181-SLR
v. )
)
CITIGROUP, )
)
)
Defendant. )

## MEMORANDUM ORDER

At Wilmington this ___ day of May, 2011, having reviewed the motion to dismiss filed by defendant Citigroup Global Markets Inc. ("Citigroup"), as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 12) is granted, as follows:

1. **Background.** On April 10, 2007, plaintiff filed a charge of racial and ethnic discrimination simultaneously with the Equal Employment Opportunity Commission ("EEOC") and the Delaware Department of Labor ("DDOL") alleging harassment and disparate treatment by another of Citigroup's employees under 42 U.S.C. §§ 2000e et seq. ("Title VII"). (D.I. 12, ex. C, Charge of Discrimination)[1] Citigroup terminated plaintiff's employment on June 16, 2007, shortly after receiving a copy of the

---

[1] D.I. 12 contains multiple exhibits with the same identifying letter. Where exhibit letters are repeated, the title of the document is included to further clarify citations (i.e. "ex. C, Charge of Discrimination").

1

discrimination complaint. (*Id.*, ex. B, Charge of Discrimination) On June 18, 2007, plaintiff filed another complaint with the EEOC and DDOL alleging retaliatory discrimination by Citigroup in violation of Title VII. *Id.* After receiving a "Dismissal and Notice of Rights" from the EEOC for the first discrimination charge, plaintiff commenced a suit pro se against Citigroup on January 6, 2009. By memorandum order dated July 30, 2009, this court dismissed plaintiff's action for lack of subject matter jurisdiction and held that plaintiff's claims were indisputably subject to a valid, enforceable arbitration agreement signed by plaintiff. *See Gonzalez v. Citigroup*, No. 09-017-SLR, 2009 WL 2340678, at *3 (D. Del. July 30, 2009).[2] On December 10, 2009, the EEOC issued a "Dismissal and Notice of Rights" for the retaliatory discrimination charge after which plaintiff filed this action pro se on March 2, 2010. (D.I.12, ex. C, Dismissal and Notice of Rights)

2. **Standard of Review.** A 12(b)(1) motion to dismiss presents either a facial or a factual attack on the court's jurisdiction. *See Cephalon, Inc. v. Watson Pharms., Inc.*, Civ. No. 08-330-SLR, 2009 WL 1838352, at *3 (D. Del. Apr. 3, 2009). Citigroup wages the instant challenge as a factual attack on the court's jurisdiction. (D.I. 13 at 11) As such, the court need not confine its consideration to the allegations in the complaint nor accept those allegations as true. *See id.* (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). Instead, the court may consider evidence outside

---

[2] Neither party has submitted evidence of arbitration after the July 2009 memorandum order, which explained that plaintiff's employment claims **must** be resolved by arbitration, or provided a clear explanation as to why arbitration has not already commenced.

2

the pleadings to resolve any factual issues bearing on jurisdiction. See id. (citations omitted). Therefore, the facts as presented in this section, and the analysis that follows, are based on the complaint, briefs from both parties, and other accompanying documents.

3. The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. A district court may only issue an order compelling arbitration when that court has "diversity jurisdiction or some other independent basis for federal jurisdiction . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). The FAA mandates that district courts shall direct parties to proceed to arbitration on issues for which arbitration has been agreed, and to stay proceedings while the arbitration is pending. See 9 U.S.C. §§ 3, 4; *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179-80 (3d Cir. 1999). However, district courts may dismiss an action if all the issues raised are arbitrable and must be submitted to arbitration. See *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Hoffman v. Fid. & Deposit Co.*, 734 F. Supp. 192, 195 (D.N.J. 1990).

4. The FAA limits the role of courts to determine: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the specific dispute falls within the scope of the agreement. *John Hancock Mutual Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). In conducting this review, the court should apply the ordinary principles of contract law. See 9 U.S.C. § 2; *First Options of Chicago, Inc. v.*

*Kaplan*, 514 U.S. 938, 944 (1995). Additionally, courts operate under a pronounced "presumption of arbitrability." *Battaglia v. McKendry*, 233 F.3d 720, 725 (3d Cir. 2000) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). "'Any doubts as to the scope of arbitrable issues should be resolved in favor of arbitration . . . .'" *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 155 (3d. Cir. 2000) (quoting *Pattern Sec. Corp. v. Diamond Greyhound & Genetics, Inc.*, 819 F.2d 400, 405-407 (3d Cir. 1987)). "If . . . the court determines that an agreement exists and that the dispute falls within the scope of the agreement, it then must refer the matter to arbitration without considering the merits of the dispute." *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (overruled on other grounds) (citing *AT&T Techs., Inc.*, 475 U.S. at 649). A court may not deny arbitration "unless it can state with 'positive assurance' that [the] dispute was not meant to be arbitrated." *Autoradio U.S.A, Inc. v. Becker Autoradiowerk GmbH*, 585 F.2d 39, 44 (3d Cir. 1978) (quoting *Hussey Metal Div. v. Lectromelt Furnace Div.*, 471 F.2d 556, 558 (3d Cir. 1972)); *see First Liberty Inv. Grp. v. Nicholsberg*, 145 F.3d 647, 653 (3d Cir. 1998).

5. **Discussion.** It remains undisputed that plaintiff agreed to arbitrate all employment disputes with Citigroup by signing and acknowledging receipt of Citigroup's Employee Handbook ("Handbook") and Principles of Employment ("Principles") (collectively "arbitration agreements"). (D.I. 12, ex. B, Terms of Employment; D.I. 12, ex. B, Rider A; D.I. 12, ex. E, Principles of Employment; D.I. 12, ex. E, Employee Handbook Receipt) The arbitration agreements clearly provide, in pertinent part, that Citigroup's employees must submit employment-related disputes, including statutory,

contractual, or common law claims, to binding arbitration.[3]

6. Plaintiff argues that all of the arbitration agreements signed by plaintiff became invalid once defendant allegedly "broke its own rules of conduct and operation, as stated in the original EEOC complaint." (D.I. 15 at 2) Plaintiff has not provided the court with any case law which supports this novel, but otherwise unfounded, assertion. Rather, if such a proposition were true, arbitration clauses would be destroyed upon the mere claim of contractual breach and useless in practice.

7. **Conclusion.** Pursuant to the FAA, 9 U.S.C. § 2, because the arbitration agreements signed by plaintiff are valid and enforceable, plaintiff's claims **must** be resolved by arbitration. As such, the court lacks jurisdiction over this suit.[4] Defendant's motion to dismiss (D.I. 12), therefore, is granted.[5]

*[signature]*
United States District Judge

---

[3] The arbitration agreements explicitly reference Title VII claims as an example of the statutory claims subject to defendant's arbitration policy. (D.I. 12, ex. B, Rider A, D.I. 12, ex. E, Principles of Employment)

[4] Defendant requests that the court compel arbitration. The court does not have a motion to compel arbitration before it. Moreover, such an order would be improper as the court does not have subject matter jurisdiction or any other independent basis for federal jurisdiction. See *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

[5] As a result, plaintiff's motion for appointment of counsel (D.I. 17) is moot.